[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
It is agreed that service was not effected properly on the foreign defendant; see, e.g., Brown v. Brookville Transport Ltd., 1999 WL 99193 (Blue, J.) (1993). The remaining issue is whether the communications of the insurance adjuster effectively waived the lack of legally effective personal service.
On the evidence presented in the form of affidavits, I find that there was no effective waiver for two independent reasons. First, although the adjuster clearly was aware of the case and requested time to investigate, he did not waive any defense and there is no indication that the issue of service ever arose in the course of the adjuster's communications. Second, there is nothing in the record to suggest that the insurance representative had the capacity to waive serviced in the circumstances of this case. In Pitchell v. City of Hartford, 247 Conn. 422
(1999), the issue presented was whether an attorney's appearance was valid for the purpose of waiving jurisdictional defects. On the facts there presented, the attorney's appearance was deemed authorized, at least for the purposes in issue. The Supreme Court emphasized, however, (at p. 429) that to be valid, even an attorney's appearance must be authorized. By comparison, there can be no waiver implied where an insurance representative, surely with less apparent authority than an attorney, only discusses a case with an attorney for a claimant and asks for time to investigate the case.
The motion to dismiss is granted.
CT Page 12926 Beach, J.